[No. 25575. Department Two. August 13, 1935.]

WM. WAGNER INVESTMENT COMPANY, *Respondent*, v.
C. A. DALK, *Appellant*.[1]

*Christopher Jacobsen,* for appellant.
*C. A. Schneider,* for respondent.

MITCHELL, J.—This action involves the title to the
east six feet of lot five in acre 3, tract N, in Maple
Leaf Addition to Green Lake, Seattle. Lot five adjoins
lot four on the west, and lot six adjoins lot five on the
west.

In June, 1929, D. W. Underwood and wife owned the
west forty feet of lot four and all of lots five and six.
They, desiring to construct a dwelling house on the
west forty feet of lot four, obtained a loan of three
thousand dollars from Wm. Wagner for that purpose,
giving him their promissory note in that sum, together
with a mortgage on the west forty feet of lot four; all
of the parties intending, as the testimony clearly
shows, that the house to be erected and which was
promptly built, together with the land upon which it

[1]Reported in 48 P. (2d) 228.

was to be situated, should be security for the payment of the debt. The note and mortgage were dated and delivered on June 10, 1929.

In fixing the precise location upon which the house should be built, the owner and his contractor measured from what was taken to be the east line of the entire tract, which initial point was later discovered to be erroneous. After the house was built, D. W. Underwood and wife conveyed the west forty feet of lot four and all of lots five and six to his brother, D. L. Underwood, who, in turn, conveyed the west forty feet of lot four to C. A. Dalk, a bachelor, and conveyed lots five and six to Floyd M. and J. V. Chapman. These conveyances were made in the fall of 1929. The conveyance to Dalk recited the outstanding three thou-. sand dollar mortgage to Wagner, which Dalk assumed and agreed to pay. This conveyance was, within five days from its date, October 25, 1929, filed by Dalk for record in the county auditor's office. It appears that, in making the purchase, Dalk was of the opinion that the house was within the boundaries of the west forty feet of lot four.

In December, 1929, after the Chapmans bought lot five, in proceeding to improve it they found, upon a survey, that the house on the west forty feet of lot four encroached upon the east side of lot five. At least, the west wall of the house came to the west line of lot four, while the window casements and other extreme portions of the house on the west side extended appreciably over on lot five. Dalk, the owner of the house, was appraised of this discovery.

About that time, D. W. Underwood was also told of the same survey and discovery. D. W. Underwood then had it surveyed, and his survey showed that the house encroached on lot five. He then purchased from the Chapmans the east six feet of lot five, as necessary

to the convenient use of the house, theretofore supposed to be situate altogether on the west forty feet of lot four. In taking conveyance of the six feet, he had the deed run to Dalk as grantee, and Dalk was advised of that fact. This deed was filed and recorded in March, 1930. The Wm. Wagner Investment Company, a corporation, organized to carry on the business of Wm. Wagner, succeeded, by transfer and assignment in 1932, to all the rights of Wm. Wagner in and to the note and mortgage.

Dalk failed to make payments on the mortgage, and in December, 1933, Wm. Wagner Investment Company, the then owner of the note and mortgage, commenced an action on the note and to foreclose the mortgage, describing the land as set out in the mortgage—the west forty feet of lot four. During the pendency of that action, upon the offer of Dalk, the Wm. Wagner Investment Company, plaintiff therein, accepted a conveyance of the property as described in the mortgage, together with a small amount of money in settlement of Dalk's liability on the note and mortgage indebtedness. The deed was executed, delivered and recorded in January, 1934. The Wm. Wagner Investment Company, or Wm. Wagner individually, knew nothing whatever about the erroneous location of the house until after the date and delivery of the deed from Dalk to the Wm. Wagner Investment Company.

Upon learning of the matter, the Wm. Wagner Investment Company had a survey made and found that the house and fireplace encroached on lot five, and that the six foot strip had already been improved and used as a part of the premises. Thereupon, the Wm. Wagner Investment Company, the then owner of the west forty feet of lot four by virtue of the deed from Dalk, demanded a conveyance from Dalk of the six feet of land, which demand was refused. Then this suit was

brought by the Wm. Wagner Investment Company for a reformation of the description in the deed from Dalk so as to include the six foot strip, and for judgment quieting the title to the same. Upon trial, judgment was entered for the plaintiff, according to the purpose and prayer of its complaint. C. A. Dalk has appealed.

Consideration of the evidence leaves no doubt about the facts, as above stated. At the time D. W. Underwood and wife borrowed the three thousand dollars to secure the payment of which they gave their mortgage, they were the owners of the west forty feet of lot four and all of lots five and six. It was the intention of the mortgagors and the mortgagee that the instrument, in describing the land, should embrace that upon which the house should actually be built. Upon its completion, they thought the house was so located. Later, D. W. Underwood and wife ascertained that a part of the house was west of the east line of lot five, which lot at that time belonged to a third party, not Dalk. To protect and save the real value of the improvement which had been mortgaged to secure the payment of the three thousand dollar note still unpaid, and to keep faith with the mortgagee as to what they intended the contract should be and thought was provided for, D. W. Underwood and his wife bought and paid for the six foot strip in lot five, taking title in Dalk's name to save the expense and cost of other conveyances and recording fees, and so advised Dalk at the time.

Thereafter, Dalk, cognizant of this fact, in his dealings with the mortgagee, the respondent herein, withheld from respondent all knowledge of the purchase by D. W. Underwood of this six foot strip for the necessary use and benefit of the property that Dalk conveyed in settlement of his liability in connection therewith.

Prior to that time, Dalk had never owned any interest in lot five, and after he made his conveyance to the respondent in settlement of his liability, describing only the west forty feet of lot four, he had nothing left in any of the three lots but the apparent legal title to this six foot strip of land, which, the testimony shows, he used thereafter to annoy the party to whom it really belonged.

Dalk has no just cause for complaint against the judgment from which he has taken appeal. While the naked legal title to the strip was in him, the superior or beneficial title, the kind that prevails, was where the judgment now declares it to be. Appellant loses nothing. A mistake has been corrected, and D. W. Underwood and wife and the respondent have perfected a contract according to their mutual understanding and intentions.

Judgment affirmed.

HOLCOMB, STEINERT, and BLAKE, JJ., concur.